```
ANNE FRASSETTO OLSEN, SBN 99680
OTTONE LEACH OLSEN & RAY LLP
17 E. GABILAN ST.
SALINAS, CA 93901
831-758-2401
FAX 831-758-2028
```

Attorneys for MKM Farms, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| **MKM FARMS, INC.**, a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>**SUNTERRA PRODUCE TRADERS, INC.**, a California corporation, **STEPHEN BRAZEEL**,<br><br>Defendants. | Civil Action<br><br>Case No.:<br><br>**COMPLAINT FOR VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA"); BREACH OF FIDUCIARY DUTIES** |

For its Complaint, the plaintiff respectively alleges as follows:

THE PARTIES

1. MKM Farms, Inc. ("Plaintiff") is a corporation duly organized under the laws of the State of California with its principal place of business located in Salinas, Monterey County, California.

2. Plaintiff grows and sells wholesale quantities of perishable agricultural products (hereinafter "Produce") in interstate commerce and operates its business under a valid United States Department of Agriculture issued PACA license.

3. Defendants are Sunterra Produce Traders, Inc., a corporation duly organized under the laws of the State of California ("Sunterra") and Stephen Brazeel ("Brazeel"), on information belief,

is or was an officer, director or shareholder in a position to control Sunterra at all times relevant to this action. Sunterra and Brazeel shall hereinafter be collectively referred to as the "Defendants."

4. At all times relevant herein, each of the Defendants were engaged, directly or indirectly, in the business of purchasing and/or selling Produce in wholesale or jobbing quantities and, therefore, are "dealers" of Produce as defined by the Perishable Agricultural Commodities Act, 1930, as amended, 7 U.S.C. §§499a-499t (the "PACA").

5. At all times relevant hereto, Sunterra operated its business under a valid United States Department of Agriculture ("USDA") issued PACA License, which the USDA identifies as License No. 20090314.

## JURISDITION AND VENUE

6. The District Court has jurisdiction over this civil action arising under §5(4) of the PACA, 7 U.S.C. §499e(c)(4), pursuant to 28 U.S.C. §1331. The Court has supplemental jurisdiction over Plaintiff's other claims pursuant to 28 U.S.C. §1367(a). The Court has *in rem* jurisdiction over the Plaintiff's claims pursuant to, inter alia, 28 U.S.C. §1655.

7. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omission giving rise to the claim occurred in this District.

## FACTUAL ALLEGATIONS

8. In 2012, Plaintiff grew Produce, including but not limited to green leaf lettuce, romaine and lettuce in the Salinas Valley located in Monterey County. Said Produce was marketed by Chieftain Harvesting, Inc., on Plaintiff's behalf and sold to Sunterra. Attached hereto as Exhibit A and incorporated herein by reference is a spreadsheet showing the shipping date, the order number, the invoice amount for all produce that was grown by Plaintiff and sold to Sunterra between April, 1, 2012 and August 25, 2012. The amount sold to Sunterra of Produce grown by Plaintiff was $179,149.32.

9. The Defendants accepted each load of Produce which corresponds to the invoice order number as listed in Exhibit A.

10. The Defendants accepted each load of Produce reference in Exhibit A within the State of California.

11. Plaintiff issued to Chieftain Harvesting an invoice for each load of Produce that was sold to Sunterra. Each invoice contained the following language: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, any receivables or proceeds from the sale of these commodities until full payment is received."

12. Chieftain Harvesting issued to the Defendants an invoice for each load of Produce grown by Plaintiff and sold to Sunterra as referenced in Exhibit A. Each of said invoices issued to Sunterra contained the following language: "The perishable agricultural commodities listed on this invoice are sold subject to the statutory trust authorized by section 5(c) of the Perishable Agricultural Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities retains a trust claim over these commodities, all inventories of food or other products derived from these commodities, any receivables or proceeds from the sale of these commodities until full payment is received." Attached hereto as Exhibit B and incorporated herein by reference are a true and correct copy of each invoice received by Sunterra for Produce grown by Plaintiff and sold to Sunterra as referenced in Exhibit A.

13. Sunterra failed to pay Chieftain Harvesting for the Produce grown by Plaintiff and sold to Sunterra as referenced in Exhibit A and as shown in the invoices contained in Exhibit B. Chieftain Harvesting failed to pay for the Produce grown by Plaintiff and sold to Sunterra. Plaintiff, among others, have filed an action alleging PACA violations against Chieftain Harvesting and others for the collection of these amounts as well as other amounts in *Whole Leaf USA, LLC et al. v. United Security Bank, et al*, United States District Court, Northern District of California, Case No. C 13-03833 PSG, (hereinafter "Whole Leaf USA, LLC Litigation").

14. Plaintiff is an unsold supplier or seller of Produce having grown Produce sold to Sunterra for which it remains unpaid.

15. Despite repeated demands, the Defendants failed to pay or otherwise deliver good funds to Plaintiff in the amount set forth in Exhibit A.

16. At all times relevant herein, Sunterra acted by and through its principal, Brazeel.

## COUNT I

### ENFORCEMENT OF PACA TRUST

17. Plaintiff re-alleges Paragraphs 1 through 16 as though fully set forth herein.

18. The Defendants are in possession, custody and control of all assets derived from the Defendants' sale of: (1) Produce; (ii) food or products derived from Produce; (iii) accounts receivables; (iv) proceeds from the sale of Produce; (v) cash; (vi) any other assets commingled with proceeds of Produce; and (vii) any other assets acquired or maintained with such proceeds, cash, assets, or other trust assets held in Sunterra's name (the "PACA Trust Assets") for the benefit of Plaintiff and all other similarly-situated PACA trust beneficiaries.

19. The Defendants failed to deliver to Plaintiff sufficient funds from the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as the Plaintiff's unpaid claims asserted in this action.

20. Upon information and belief, Plaintiff alleges that the Defendants failed to preserve sufficient amounts of the PACA Trust Assets to fully satisfy all qualified PACA trust claims, such as the Plaintiff's unpaid claims asserted in this action.

21. The matters and actions alleged in this Count One constitute a violation by Defendants of Section 2 of the PACA.

22. As a direct result of the Defendants' failure to properly protect the PACA Trust Assets from dissipation, Plaintiff has suffered damages which are covered under the PACA trust in the current aggregate amount of $179,149.32, plus interest and attorneys' fees incurred in this action.

23. On information and belief and as alleged in the Whole Leaf USA, LLC Litigation, additional unpaid trust beneficiaries, some of which may be unknown, exist. As a result, Plaintiff further seeks the entry of an Order directing the Defendants to immediately turn over to the Registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff herein, thereby creating a fund for the benefit of such beneficiaries.

//

//

COUNT II

PACA VIOLATION: FAILURE TO PAY PROMPTLY

24. Plaintiff realleges paragraphs 1 through 23 as though fully set forth herein.

25. The Defendants received each of the shipments of Produce referenced in Exhibit A and invoiced as shown in Exhibit B.

26. The Defendants agreed to pay for said Produce within 10 days of receipt. The Defendants failed to pay the invoices attached hereto as Exhibit B within the applicable payment terms.

27. The matters and actions alleged in the Count II constitute a violation by Defendants of Section 2 of the PACA.

28. As a direct result of the Defendants' failure to pay for each invoice within terms, Plaintiff has incurred damages in the current aggregate amount of $179,149.32, plus interest and collection costs including but not limited to attorneys' fees incurred in this action.

COUNT III

BREACH OF FIDUCIARY DUTY

29. Plaintiff realleges paragraphs 1 through 28 as though fully set forth herein.

30. At all times relevant to this action, Brazeel was an officer, director or shareholder of Sunterra, and the person in charge of its business undertakings.

31. At all times relevant to this action, Brazeel engaged, directly or indirectly, in the business of buying or selling Produce in interstate or foreign commerce in wholesale of jobbing quantities.

32. At all times relevant to the action, Brazeel controlled and managed Sunterra's operations and had control over Sunterra's financial dealings, including those involving the PACA Trust Assets.

33. At all times relevant to the action, Brazeel was in a position to control and manage Sunterra's operations and had the ability to control Sunterra's financial dealings, including those involving the PACA Trust Assets.

34. As an officer, director and/or shareholder of Sunterra, Brazeel was a statutory trustee with a duty to safeguard the PACA Trust Assets and was required to maintain the trust assets in such a manner as to ensure there was, at all times, sufficient trust assets to satisfy all outstanding PACA trust obligations such as those owed to Plaintiff herein.

35. Because Brazeel controlled and/or was in a position to control Sunterra and Plaintiff has not been paid from PACA Trust Assets, Brazeel has breached his fiduciary duty under the PACA trust.

36. Brazeel continues to hold any and all PACA Trust Assets having come into his individual possession as trustees for the Plaintiff's beneficial interest in the PACA trust.

37. Brazeel is personally liable to Plaintiff, which liability is joint and several with Sunterra and any third parties having received any PACA Trust Assets with actual or constructive notice of the breach of the PACA trust, for the dissipation of the PACA trust in the current aggregate amount of $179,149.32, plus interest and collection costs including but not limited to attorney's fees, incurred in this action, to be satisfied from Brazeel's personal assets.

WHEREFORE, Plaintiff respectfully seeks the entry of judgment as follows:

A) As to Count I: (i) entering a judgment creating a common fund and/or otherwise compelling the preservation of the Defendants' PACA Trust Assets for the benefit of Plaintiff and other similarly-situated PACA trust beneficiaries that properly join in the instant action; (ii) entering a judgment directing the Defendants to immediately turn over to the registry of the Court all assets impressed with the PACA trust for the benefit of all unpaid trust beneficiaries such as the Plaintiff, and (iii) entering a final judgment in favor of Plaintiff and against the Defendants, jointly and severally, in the amount of $179,149.32 plus interest and collection costs, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein.

B) As to Count II: entering a judgment in favor of Plaintiff and against Defendants, jointly and severally, in the amount of $179,149.32, plus interest and costs of collection, including attorneys' fees, incurred in this action, less any actual recovery on other Counts herein.

C) As to Count III: entering a judgment in favor of Plaintiff and against Defendant Brazeel, on a joint and several basis with Sunterra, for a breach of his fiduciary duty to the PACA trust, in the

amount of $179,149.32, plus interest and costs of collection, including attorneys' fees incurred in this action, less any actual recovery on other Counts herein.

   D) For such other and further relief that the Court may deem just and proper.

Dated: January 21, 2014        OTTONE LEACH OLSEN & RAY LLP


                 By_____/S/_____
                    Anne Frassetto Olsen, Esq.
                    Attorneys for MKM Farms, Inc.